IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE A. ROGERS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-00560-WS-N |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

REPORT AND RECOMMENDATION

This action has been referred to the undersigned Magistrate Judge for entry of a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) regarding the motion to

dismiss (doc. 14) filed by the defendant, Michael J. Astrue, Commissioner of Social

Security ("Commissioner").  The motion is predicated on the contention that this action

was filed by the plaintiff, Shane A. Rogers ("Rogers"), more than 60 days beyond the

permissible deadline of May 23, 2011.  *See* 42 U.S.C. §§ 405(g) and (h).  Upon

consideration of the motion, plaintiff's response in opposition thereto (doc. 16), the

Commissioner's reply (doc. 17) and all other pertinent portions of the record, it is

recommended that the motion be **GRANTED** and this social security appeal be

**DISMISSED with prejudice**.

     I.     <u>Background</u>.

On December 23, 2009, Rogers' application for Disability Insurance Benefits pursuant to Title II of the Social Security Act (the Act) was denied by the Administrative Law Judge. (Doc. 14-1 at ¶ 3(a)).   Rogers requested review of this decision.   (*Id*.).   On March 18, 2011, the Appeals Council denied Rogers' request for a review (doc. 14-1 at 21-23) and mailed notice of this action to him at 28951 Rose Run Rd., Robertsdale, Alabama 36567, notice of its action on his request for review, with a copy to Rogers' counsel (doc. 14-1 at ¶ 3(a) and 21-23).   This notice advised Rogers that, in order to obtain court review, he must file a civil action "within 60 days from the date of receipt (doc. 14-1 at 22).   Rogers was also advised that the Commissioner "assume[s] you received this letter 5 days after the date on it unless you show []that you did not receive it within the 5-day period (*id*.).   Rogers does not dispute the Commissioner's contention that, to be considered timely, his civil action had to be filed on or before May 23, 2011. The complaint presently before the Court was filed on September 30, 2011. (Doc. 1).

Rogers did file a complaint in this court on May 9, 2011, which was based upon the same application for review as the present case. *See* <u>Rogers v. Astrue</u>, Case No. 1:11-cv-00233-CG-B (Doc. 1, 4, 8, 9, 10, 11, 12 ).   That complaint was accompanied by a motion for leave to proceed *in forma pauperis* (doc. 2).   On May 13, 2011, Rogers' motion to proceed *in forma pauperis* was denied and he was directed to either file a new motion of the Court's form or pay the $350 filing fee by  May 27, 2011 (doc. 4).   On May 27, 2011, Rogers' requested (doc. 5) and was given (doc. 6) a ten (10) day extension of time to comply with the Court's May 13th Order.  Rogers filed a new motion to proceed *in forma pauperis* on June 8, 2011 (doc. 7).   The Court denied this motion on June 9,

2011, and directed Rogers to pay his filing fee by June 30, 2011 (doc. 8).  On August 10, 2011, the Court ordered Rogers to show cause by August 24, 2011, why that action "should not be dismissed for failure to pay the statutory filing fee, and for failure to comply with an Order of the Court" (doc. 9).  Rogers did not respond to the Court's show cause order.  Consequently, on August 29, 2011, Magistrate Judge Bivins entered a Report and Recommendation that the action be dismissed for failure to prosecute (doc. 10).  The deadline within which Rogers could object to the Magistrate Judge's Report and Recommendation was September 12, 2011. (*Id.*)  Rogers' neither objected nor sought an extension of time within which to object.  Consequently, the District Court adopted the unopposed Report and Recommendation on September 14, 2011, and entered a judgment dismissing that action without prejudice for failure to prosecute (docs. 10, 11).

Approximately three weeks later, on September 30, 2011, the complaint presently before the Court was filed. (Doc. 1).   The motion to dismiss was filed on February 16, 2012 (doc. 14).  The motion is predicated on the contention that this action was filed by Rogers more than 60 days beyond the permissible deadline of May 23, 2011.  *See* 42 U.S.C. §§ 405(g) and (h).  In opposition to the motion to dismiss, Rogers states that his complaint was "refiled [sic] on September 28, 2011 pursuant to the instruction the attorney representative was given when he asked how to proceed"[1] and that he "seeks

---

[1] Contrary to Rogers' contention, this action commenced on September 30, 2011, with the filing of a complaint actually dated September 30, 2011.  *See*  Doc. 1.  In addition, Rogers fails to identify the specific source of the "instruction" his counsel is alleged to have received or the legal basis for his reliance on such on such an instruction.

only to correct a procedural problem."[2]  (Doc. 16 at  3 and 4).  Rogers does not address the Commissioner's argument that "there are no extraordinary circumstances present that would justify extending the 60-day period," including equitable tolling.  (Doc. 14 at 4-5).

II.   Analysis.

The Social Security Act, at 42 U.S.C. § 405(g)[3], provides for judicial review of the Secretary's final decision but limits that right to an action commenced within sixty days from receipt of the Appeals Council's letter notifying a claimant of an adverse decision or within such further time as the Commissioner may allow.  An additional five-day period is provided for mail service.  20 C.F.R. § 422.210(c) (2010).

---

[2] Rogers offers no legal support for his contention that his failure to pay the requisite filing fee and the resulting dismissal of the action he commenced on May 9, 2011 for failure to prosecute constitutes a mere "procedural problem."

[3] The remedy provided by 42 U.S.C. § 405(g) is exclusive. The relevant provisions of § 405(g) reads as follows:

> (g) Any individual, after any final decision of the Commissioner [ ] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner [ ]may allow.
> ....
> (h) The findings and decision of the Commissioner [ ] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner [ ] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner [ ] or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. §§ 405(g) and (h).

In Bowen v. City of New York, 476 U.S. 472 (1986), the Supreme Court discussed the tolling of the sixty-day limitations period and noted that Social Security regulations allowed the Commissioner to grant extensions of time to file a complaint for various reasons, including illness, accident, misunderstanding, and at times when the Social Security Administration had "misled" the claimant, among other things. 476 U.S. at 480 n.12; *see also* 20 C.F.R. § 404.911.  The Supreme Court held that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  476 U.S. at 480, *quoting* Mathews v. Eldridge, 424 U.S. 319, 330 (1976).

The Eleventh Circuit addressed this issue in Jackson v. Astrue , 506 F.3d 1349 (11th Cir. 2007), and held that "it is clear that the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely," but that " 'a finding of extraordinary circumstances' is necessary before a court may equitably toll the SSA's statutory period, and this determination 'is reserved for extraordinary facts'."  506 F.3d at 1353-54, *quoting* Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005).  The Eleventh Circuit reasoned, in sum,  that "traditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment."  506 F.3d at 1355.

The Eleventh Circuit recently applied these principals in Christides v. Commissioner of Social Security, 2012 WL 1674182 (11th Cir. May 14, 2012), a case strikingly similar to the present case.  The plaintiff in Christides, brought an action seeking review of a unfavorable ruling on her application for social security disability

benefits and simultaneously filed a motion to proceed *in forma pauperis*.[4]  2012 WL

1674182  at * 1.  The District Court dismissed her complaint without prejudice, pursuant

to 28 U.S.C. § 1915(e)(2), "because Christides alleged that she was not in fact indigent."

(*Id*.)  Christides did not appeal that dismissal but, instead, refiled her complaint in a

second action and paid the filing fee. (*Id.*)  Unlike the present case, Christides

acknowledged that this second action was untimely and asked the Court "to reinstate her

Initial Complaint so that her civil suit would be considered timely filed."  (*Id.*)  The Court

ultimately granted the Commissioner's motion to dismiss Christides's Refiled Complaint

as time-barred.  (*Id*.)  On appeal, Christides argued that she "was entitled to equitable

tolling of the statutory filing period because she was diligent in pursuing her lawsuit."

(*Id*.)  The Eleventh Circuit affirmed the District Court reasoning, in sum, that "[n]othing

evidences that Christides's late filing was the result of 'fraud, misinformation, or

deliberate concealment'."  (*Id.*)  The Eleventh Circuit also rejected the contention that

"the dismissal without prejudice of her Initial Complaint warrants application of the

equitable tolling doctrine."  (*Id.* At * 2).  The Court reasoned as follows:

> First, the mere fact that her complaint was dismissed without
> prejudice does not permit her to file a complaint outside
> the statute of limitations. *See* <u>Bost [v. Fed. Express Corp., 372
> F.3d 1233, 1242 (11th Cir.2004)]</u>.  Christides also failed to
> appeal the dismissal. Even if we assume that the district court
> failed to inform her expressly of her right to appeal, nothing
> evidences that the district court engaged in "fraud,
> misinformation, or deliberate concealment." And although

---

[4] Plaintiff in <u>Christides</u> was challenging the onset date of her disability.  2012 WL
1674182 at *1.

> Christides attempted to reinstate her Initial Complaint for purposes of rendering her lawsuit timely, she failed to respond to the district court's unambiguous instructions to refile her request using the proper format. Neither Christides's pro se status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances. *See* Jackson, 506 F. 3d at 1356; Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969–70 (11th Cir. 1997) (refusing to equitably toll the time to appeal a decision of the Railroad Retirement Board for a pro se litigant). Because we see no extraordinary circumstances, Christides is unentitled to equitable tolling.

(*Id.*).

In this action, the Appeals Council letter is dated March 18, 2011 (doc. 14-1 at 21-23). Rogers does not dispute that, in order to be considered timely, his complaint seeking judicial review of the Commissioner's adverse decision had to be filed no later than May 23, 2011. Rogers does not contend that he sought any extension of time from the Commissioner. Instead, Rogers relies on the complaint he initially filed on May 9, 2011, which was dismissed (after he was given multiple opportunities to comply) for failure to prosecute on September 14, 2011. *See* Docs. 10, 11 and 12. Rogers now argues, in sum, that his untimely second complaint filed on September 30, 2011, in some unidentified fashion relates back to the timely complaint he filed on May 9, 2011, because he "seeks only to correct a procedural problem." (Doc. 16 at ¶ 4).

Rogers' failure is not a procedural problem. Rather, the initial complaint was dismissed for failure to comply with the court's orders. Even after the Magistrate Judge recommended that the complaint be dismissed, Rogers had a period of fourteen days to lodge an objection to that recommendation. However, just as Chirstides' failed to appeal her dismissal, Rogers' similarly failed to object to the Magistrate Judge's

Recommendation of dismissal for want of prosecution and to appeal that dismissal. [5]

Upon consideration of the pleadings and all pertinent portions of the record, the undersigned finds that Rogers has not shown that any extraordinary circumstances exist to excuse the untimely filing of the complaint.  Accordingly, he is not entitled to equitable tolling and this action is due to be dismissed as untimely under § 405(g).

## CONCLUSION

For the reasons stated above, it is recommended that the Commissioner's motion to dismiss be **GRANTED** and this action be **DISMISSED with prejudice** as untimely filed under 42 U.S.C. § 405(g).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 1<u>st</u> day of October, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Christides, unlike Rogers, acknowledged that her "Refiled Complaint" was untimely and sought to have the district court "reinstate her Initial Complaint so that her civil suit would be considered timely filed."

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

 **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

1.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     **DONE** this 1st day of October, 2012.

                                   /s/ Katherine P. Nelson
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]"  Fed. R. Civ. P. 72(b)(2).